IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARIA CARBAJAL, | ) CIVIL NO. 17-00272 LEK-RLP |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION TO ) DISMISS PLAINTIFF'S COMPLAINT AND |
| vs. | ) ENTER DEFAULT AGAINST PLAINTIFF ) AS TO DEFENDANT DIAMOND RESORTS |
| DIAMOND RESORTS HAWAII COLLECTION DEVELOPMENT, LLC, ET AL., | ) HAWAII COLLECTION DEVELOPMENT, ) LLC'S COUNTERCLAIM ) ) |
| Defendants. | ) ) |

FINDINGS AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT
AND ENTER DEFAULT AGAINST PLAINTIFF AS TO DEFENDANT DIAMOND
RESORTS HAWAII COLLECTION DEVELOPMENT, LLC'S COUNTERCLAIM[1]

On November 1, 2017, at 10:00 a.m., a hearing was held on this Court's September 15, 2017 Order to Show Cause directing Plaintiff to show cause, if any, why this case should not be dismissed for failure to prosecute this action and comply with the Local Rules regarding association of local counsel. See ECF No. 32. At the hearing, Michael L. Iosua, Esq. appeared on behalf of Defendant. Plaintiff did not appear at the hearing or otherwise responded to the Court's Order to Show Cause. As discussed below, the Court FINDS and RECOMMENDS that Plaintiff's

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Complaint be DISMISSED with prejudice and DEFAULT be entered against Plaintiff as to Defendant Diamond Resorts Hawaii Collection Development, LLC's Counterclaim.

## DISCUSSION

### I. Dismissal of Plaintiff's Complaint

Federal Rule of Civil Procedure 41(b) authorizes involuntary dismissal for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b). Rule 41(b) grants courts the authority to *sua sponte* dismiss actions for failure to prosecute or for failure to comply with court orders. See, e.g., Pagano v. OneWest Bank, F.S.B., CV 11-00192 DAE-RLP, 2012 WL 74034, at *6 (D. Haw. Jan. 10, 2012) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.")).

The court must weigh five factors to determine whether to dismiss a case for lack of prosecution or failure to comply with a court order:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits.

Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

      Here, dismissal of Plaintiff's Complaint is appropriate given Plaintiff's failure to prosecute and failure to comply with court orders.  First, the public's interest in expeditious resolution of this litigation weighs heavily in favor of dismissal because this case has been pending since January 2017.  Second, the court's need to manage its docket weighs strongly in favor of dismissal because Plaintiff's failure to prosecute this action has interfered with the Court's ability to manage its docket.  As detailed in the Court's Order to Show Cause, no local counsel has filed a notice of appearance in this action on behalf of Plaintiff.  See ECF No. 32 at 2.  Plaintiff's mainland counsel, Mitchell Reed Sussman, Esq., has not submitted an application to appear pro hac vice, and informed the Court by telephone that Plaintiff would not be obtaining local counsel and had ceased communications with him.  Id.  Third, the risk of prejudice to Defendant weighs heavily in favor of dismissal.  Plaintiff's inaction has impaired Defendant's ability to proceed to trial and threatens to interfere with the resolution of this case.  See Pagtalunan, 291 F.3d at 642 (citing Malone v. United States Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987)).  Fourth, less drastic sanctions are not appropriate given Plaintiff's

failure to appear before the Court.  It would be futile to recommend a lesser sanction because it would not compel Plaintiff to take the necessary steps to prosecute this action.  Accordingly, this factor supports dismissal.  Finally, although public policy generally favors disposition on the merits, because four of the factors weigh heavily in favor of dismissal, and under the particular facts of this case, the Court concludes that dismissal of Plaintiff's Complaint with prejudice is appropriate.

**II. Entry of Default Against Plaintiff as to Diamond Resorts Hawaii Collection Development, LLC's Counterclaim**

Entry of default is appropriate if a party "has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).  Here, Defendant Diamond Resorts Hawaii Collection Development, LLC filed a Counterclaim against Plaintiff on March 15, 2017, asserting a claim for breach of promissory note.  See ECF No. 9.  Although Plaintiff filed an Answer to the Counterclaim on March 24, 2017, she has otherwise fails to defend against the Counterclaim in this action as detailed above.  Given Plaintiff's failure to appear at the Show Cause hearing, failure to prosecute this action, and failure to comply with the Local Rules regarding association of local counsel, the Court concludes that entry of default against Plaintiff as to the Counterclaim is appropriate.

4

CONCLUSION

The Court FINDS AND RECOMMENDS as follows:

(1) Plaintiff's Complaint be DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute; and

(2) The Clerk ENTER DEFAULT against Plaintiff as to Defendant Diamond Resorts Hawaii Collection Development, LLC's Counterclaim to pursuant to Federal Rules of Civil Procedure Rule 55(a).

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, NOVEMBER 1, 2017.

Richard L. Puglisi
United States Magistrate Judge

**CARBAJAL V. DIAMOND RESORTS HAWAII COLLECTION DEVELOPMENT, LLC. ET AL., CIVIL NO. 17-00272 LEK-RLP, FINDINGS AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT AND ENTER DEFAULT AGAINST PLAINTIFF AS TO DEFENDANT DIAMOND RESORTS HAWAII COLLECTION DEVELOPMENT, LLC'S COUNTERCLAIM**