IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARIA CARBAJAL, | ) | CIVIL NO. 17-00272 LEK-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | GRANT IN PART AND DENY IN PART |
| vs. | ) | DEFENDANT AND COUNTER-CLAIMANT |
| | ) | DIAMOND RESORTS HAWAII |
| DIAMOND RESORTS HAWAII | ) | COLLECTION DEVELOPMENT, LLC'S |
| COLLECTION DEVELOPMENT, LLC, | ) | MOTION TO ENTER DEFAULT |
| ET AL., | ) | JUDGMENT AGAINST MARIA CARBAJAL |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART DEFENDANT AND COUNTER-CLAIMANT DIAMOND
RESORTS HAWAII COLLECTION DEVELOPMENT, LLC'S MOTION
<u>TO ENTER DEFAULT JUDGMENT AGAINST MARIA CARBAJAL</u>[1]

Before the Court is Defendant and Counter-Claimant Diamond Resorts Hawaii Collection Development, LLC's Motion to Enter Default Judgment Against Maria Carbajal, filed on January 19, 2018 ("Motion"). ECF No. 40. Plaintiff was served with a copy of the Motion, but did not file an opposition or otherwise respond. <u>See</u> ECF No. 40-7. The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. ECF No. 41. After careful consideration

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

of the Motion, the declarations, exhibits, and the record established in this action, the Court FINDS AND RECOMMENDS that the Motion be GRANTED IN PART and DENIED IN PART.

BACKGROUND

Plaintiff filed this action against Defendant Diamond Resorts Hawaii Collection Development, LLC ("Diamond Resorts") in California state court on January 3, 2017. ECF No. 3-1. On February 8, 2017, Defendant removed this action to federal court in California. ECF Nos. 1, 3. Defendant then filed an motion to transfer this case to the District of Hawaii. ECF No. 11. Plaintiff filed a statement of no opposition to Defendant's motion to transfer. ECF No. 15. On June 8, 2017, the court granted Defendant's motion and transferred the case to this court. ECF No. 21.

On June 9, 2017, the Clerk of Court issued a notice to all counsel that they must comply with the Local Rules regarding admission to this court and the submission of applications for pro hac vice admittance and the designation of local counsel. See ECF No. 24. On July 28, 2017, local counsel for Defendant filed a notice of appearance. See ECF No. 26. Defendant's mainland counsel then filed motions for pro hac vice admission, which were granted by the Court. See ECF Nos. 27-30. No local counsel filed a notice of appearance in this action on behalf of Plaintiff. Plaintiff's mainland counsel, Mitchell Reed Sussman, Esq., did not submit an application to appear pro hac vice. On

2

September 13, 2017, Mr. Sussman informed the Court by telephone that Plaintiff would not be obtaining local counsel and had ceased communications with him.  On September 15, 2017, the Court issued an Order to Show Cause directing Plaintiff to appear and show cause why this action should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and to comply with the Local Rules.  ECF No. 32.  After Plaintiff failed to appear at the Show Cause hearing, the court dismissed Plaintiff's complaint and entered default against Plaintiff on Diamond Resorts' Counterclaim.  ECF Nos. 36, 37.  The present Motion followed.

## ANALYSIS

Default judgment may be entered against a party from whom affirmative relief is sought and the claim is for a "sum certain or for a sum which can by computation be made certain[.]" Fed. R. Civ. P. 55(b)(1), (2).  The granting or denial of a motion for default judgment is within the discretion of the court.  Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).  Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right. Valley Oak Credit Union v. Villegas, 132 B.R. 742, 746 (9th Cir. 1991).  Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible.  Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).  The court should

consider the following factors in deciding whether to grant a motion for default judgment:

>  (1)  the possibility of prejudice to the moving party;
>
>  (2)  the merits of the substantive claim;
>
>  (3)  the sufficiency of the complaint;
>
>  (4)  the sum of money at stake in the action;
>
>  (5)  the possibility of a dispute concerning material facts;
>
>  (6)  whether the default was due to excusable neglect; and
>
>  (7)  the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Id. at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). The allegations regarding liability are deemed true, but the moving party must establish the relief to which it is entitled. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

### A. Jurisdiction

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Plaintiff. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").

First, the Court has diversity jurisdiction because the amount in controversy exceeds $75,000 and there is complete diversity between Plaintiff and Defendant. See 28 U.S.C. § 1332. Plaintiff is a resident of California. ECF No. 3-1 ¶ 1. Diamond Resorts is a Delaware limited liability company with its principal place of business in Nevada, and its sole member is a Delaware corporation with its principal place of business in Nevada. ECF No. 3 ¶ 7.

Second, as noted above, Plaintiff filed a statement of no opposition to Defendant's motion to transfer this action from California to Hawaii. See ECF No. 15. Based on Plaintiff's implicit consent to proceed with this action in Hawaii, the Court finds that any objection to the exercise of personal jurisdiction over Plaintiff has been waived. Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702–03 (1982).

Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 n.14 (1985) ("because the personal jurisdiction requirement is a waivable right, there are a 'variety of legal arrangements' by which a litigant may give 'express or implied consent to the personal jurisdiction of the court.'").  Additionally, the Court notes that the parties' contract contains a forum selection clause that provides that all disputes must be heard in Hawaii and that the parties "irrevocably submit to the jurisdiction" of Hawaii courts.  See ECF No. 40-2 at 6; Nat'l Equip. Rental, Ltd. v. Szukhent, 375 U.S. 311, 316 (1964) ("parties to a contract may agree in advance to submit to the jurisdiction of a given court").  In these circumstances, the Court has personal jurisdiction over Plaintiff.  The Court finds that it has both subject matter and personal jurisdiction.

### B.  **Eitel Factors**

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the Eitel factors outlined above.

#### 1.  **The Possibility of Prejudice**

The first factor considers whether the moving party would suffer prejudice if default judgment is not entered.  See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Here, absent entry of default judgment, Diamond Resorts would be without another recourse for recovery.

Accordingly, the first Eitel factor favors default judgment.

### 2. Merits of the Substantive Claims

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default. See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906. Here, Diamond Resorts asserts a counterclaim for breach of contract against Plaintiff. To establish a claim for breach of contract, Diamond Resorts much show "(1) the contract at issue; (2) the parties to the contract; (3) whether [Diamond Resorts] performed under the contract; (4) the particular provision of the contract allegedly violated by [Plaintiff]; and (5) when and how [Plaintiff] allegedly breached the contract." See Marine Lumber Co. v. Precision Moving & Storage Inc., No. CV 16-00365 LEK-RLP, 2017 WL 1159093, at *6 (D. Haw. Mar. 28, 2017).

Diamond Resorts alleges that Plaintiff entered into Purchase Money Note ("Note") with Diamond Resorts in the amount of $127,463.42 to fund the purchase of a timeshare. ECF No. 9 ¶ 2. Diamond Resorts alleges that it performed all terms under the Note. Id. ¶ 4. Diamond Reports alleges that Plaintiff breached the payment provision of the Note by failing to pay the amounts due under the Note. Id. ¶ 7. The Court finds that the allegations are sufficient to establish that it is entitled to judgment against Plaintiff for breach of the Note. This factor

weighs in favor of default judgment because the allegations in the Counterclaim, taken as true, are sufficient to establish the substantive claims.

### 3. Sufficiency of the Allegations

The allegations in the Counterclaim are sufficiently pled and supported by the documents filed with the Motion. The Court finds that the sufficiency of the allegations weighs in favor of default judgment.

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Diamond Resorts seeks damages against Plaintiff in the amount of $127,463.42 in principal indebtedness, $13,279.10 in accrued interest and finance charges through April 24, 2017, $48,406.65 in attorneys' fees and $1,383.50 in costs. ECF No. 40 at 13-14. Diamond Resorts' damages request is tailored to Plaintiff's specific wrongful conduct. The Court finds that this factor weighs in favor of default judgment.

### 5. Possibility of Dispute Concerning Material Facts

As noted above, the well-pled factual allegations of the Complaint, except those relating to the amount of damages, will be taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18. Plaintiff has been given a fair opportunity to defend against the

Counterclaim and has not done so.  Because no dispute has been raised regarding Diamond Resorts' material factual allegations, this factor favors default judgment.

### 6.     **Whether Default was Due to Excusable Neglect**

The Court finds that Plaintiff's default was not the result of excusable neglect.  As detailed in the Court's previous orders, Plaintiff failed to prosecute this action and default was entered against her as to Diamond Resorts' Counterclaim.  See ECF Nos. 32, 35, 36, 37.  Despite notice of Diamond Resorts' intention to seek a default judgment, Plaintiff has failed to respond.  The record suggests that Plaintiff's default was not the result of any excusable neglect, but rather due to her conscious and willful decision not to defend against the Counterclaim.  Consequently, this factor favors default judgment.

### 7.     **Policy Favoring Decisions on the Merits**

Plaintiff's default makes a decision on the merits impractical, if not impossible.  Here, Plaintiff has failed to defend against the Counterclaim action and has consequently rendered adjudication on the merits before this Court impracticable.  This factor does not preclude the Court from entering default judgment against Plaintiff. See Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone

9

dispositive").

### 8. Totality of Eitel Factors

The Court finds that the totality of the factors weigh in favor of entering default judgment in Diamond Resorts' favor and against Plaintiff as to the Counterclaim.

### C. Remedies

Although Plaintiff's default establishes her liability, it does not establish the amount of damages or other relief to which Diamond Resorts is entitled.  See Fair Hous. of Marin, 285 F.3d at 906.  "In determining damages, the court can rely on the declarations submitted by the [moving party]."  Philip Morris, 219 F.R.D. at 498.  The moving party must provide evidence of its damages, and the damages "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).

Here, Diamond Resorts seeks damages against Plaintiff in the amount of (1) $127,463.42 in principal indebtedness; (2) $13,279.10 in accrued interest and finance charges through April 24, 2017; (3) $48,406.65 in attorneys' fees; and (4) $1,383.50 in costs.  ECF No. 40 at 13-14.  Each category of requested relief is addressed below.

### 1. Principal Indebtedness

Diamond Resorts contends that Plaintiff owes $127,463.42 in principal indebtedness under the Note.  In support of this contention, Plaintiffs submitted the declaration of

Corrine Gaxiola, In House Counsel for Diamond Resorts' parent company. ECF No. 40-1. Ms. Gaxiola states that Plaintiff is indebted to Diamond Resorts in the amount of $127,463.42 for the principal due under the Note. Id. ¶ 8. The Court finds Diamond Resorts has established damages in the amount of $127,463.42 for principal indebtedness.

### 2. Interest and Finance Charges

Diamond Resorts seeks interest and finance charges in the amount of $13,279.10. In support of this amount, Ms. Gaxiola's declaration states that the accrued interest and finance charges through April 24, 2017, accruing at a rate of 13.17 per year, total $13,279.10. ECF No. 40-1 ¶ 8. The Court finds Diamond Resorts has established damages in the amount of $13,279.10 for interest and finance charges.

### 3. Attorneys' Fees

Diamond Resorts asserts in its Motion that it is entitled to an award of attorneys' fees based on the parties' agreement and Hawaii Revised Statutes Section 607-14. ECF No. 40 at 10-11. The parties' purchase agreement provides that the prevailing party in any action related to the Note "is entitled to collect its costs and expenses, including attorneys' fees, from the other parties." ECF No. 40-2 at 6. Hawaii Revised Statutes Section 607-14 provides that attorneys' fees shall be awarded "in all actions on a promissory note." Haw. Rev. Stat.

§ 607-14.  Section 607-14 also provides that such fees shall "not exceed twenty-five per cent of the judgment."  Haw. Rev. Stat. § 607-14.

Hawaii courts calculate the reasonableness of attorneys' fees based on a method that is nearly identical to the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See DFS Grp. L.P. v. Paiea Props., 131 P.3d 500, 505 (Haw. 2006).  Under the lodestar method, the court must determine a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate.  See id. 505-06.  In addition, the court may consider additional factors including the novelty of the questions involved and charges for similar service in the community.  See Chun v. Bd. of Trs. of Emps.' Ret. Sys. of Haw., 106 P.3d 339, 358 (Haw. 2005); Chun v. Bd. of Trs. of Emps.' Ret. Sys. of Haw., 992 P.2d 127, 137 (Haw. 2000).

Here, Diamond Resorts requests $48,406.65 for attorneys' fees.  ECF No. 40 at 12.  First, the Court finds that the hours requested are reasonable.  Second, the Court finds that the hourly rates requested are reasonable in light of the fact that most of the work in this action was conducted in California before this case was transferred to Hawaii.  See Moskowitz v. Am. Sav. Bank, F.S.B., No. CV 17-00299 HG-KSC, 2017 WL 4883424, at *7 (D. Haw. Oct. 30, 2017), *adopted by*, No. CV 17-00299 HG-KSC, 2017 WL 6596582 (D. Haw. Dec. 26, 2017) (holding that the reasonable

hourly rate should be based on the prevailing local rates in the community where the litigation occurred).

However, pursuant to Section 607-14, the attorneys' fees awarded cannot exceed twenty-five percent of the judgment. Here, as detailed above, the Court finds that Defendants are entitled to damages in the amount $140,742.52 for principal indebtedness, interest, and finance charges. Twenty-five percent of that amount is $35,185.63. Accordingly, the Court finds that Diamond Resorts is entitled to an award of $35,185.63 in attorneys' fees.

### 4. Costs

Diamond Resorts also request $1,383.50 in costs. See ECF No. 40 at 6. Diamond Resorts asserts that it is entitled to an award of costs based on Federal Rule of Civil Procedure 54(d)(1). However, Diamond Resorts provides no information regarding what specific costs were incurred or how it calculated the costs that it requests. See ECF No. 40 at 6, 11; ECF No. 40-5 ¶ 11; ECF No. 6 ¶ 6. Without such information, the Court is unable to determine if the costs requested are appropriate. Accordingly, the Court recommends that the district court deny without prejudice Diamond Resorts' request for costs. Diamond Resorts may file a bill of costs after final judgment is entered. See Fed. R. Civ. P. 54(d)(1); Local Rule 54.1.

### CONCLUSION

The Court FINDS and RECOMMENDS that Defendant and

Counter-Claimant Diamond Resorts Hawaii Collection Development, LLC's Motion to Enter Default Judgment Against Maria Carbajal be GRANTED IN PART and DENIED IN PART as follows:

(1) Default judgment be entered in Diamond Resorts Hawaii Collection Development, LLC's favor and against Maria Carbajal;

(2) Diamond Resorts Hawaii Collection Development, LLC be awarded damages in the amount of $127,463.42 for principal indebtedness, $13,279.10 for accrued interest and finance charges, $35,185.63 in attorneys' fees against Maria Carbajal;

(3) Diamond Resorts Hawaii Collection Development, LLC's request for an award of costs be DENIED WITHOUT PREJUDICE.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, FEBRUARY 9, 2018.

_____
Richard L. Puglisi
United States Magistrate Judge

**CARBAJAL V. DIAMOND RESORTS HAWAII COLLECTION DEVELOPMENT, LLC. ET AL.; CIVIL NO. 17-00272 LEK-RLP, FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT AND COUNTER-CLAIMANT DIAMOND RESORTS HAWAII COLLECTION DEVELOPMENT, LLC'S MOTION TO ENTER DEFAULT JUDGMENT AGAINST MARIA CARBAJAL**